UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. REYES,

    Petitioner,

vs.

ROBERT HOREL, Warden,

    Respondent.

No. C 09-5792 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition is directed to a disciplinary decision that resulted in a loss of good time credits. Venue is proper because the prison where the disciplinary hearing was held is in Del Norte County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each

of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

On August 11, 2006, petitioner was found guilty of a rule violation. Among the penalties imposed was a loss of thirty days of good-time credits, which arguably would make this a challenge to the length of his confinement and thus the proper subject of a habeas petition. Petitioner had a previous habeas petition in this court directed to the same disciplinary decision, *Reyes v. Horel*, C 08-3851 PJH (PR); it was dismissed for failure to exhaust. Petitioner says that he now has exhausted.

As grounds for federal habeas relief, petitioner asserts that: (1) There was no evidence to support the conviction; (2) his rights were violated by the prison's refusal to assign an investigative employee to assist him in preparing a defense; (3) he was not permitted to present witnesses at the hearing; (4) he was not permitted to present evidence in his defense at the hearing; (5) he was not permitted to know the evidence against him, and was told only that it was "confidential;" (6) the offense with which he was charged, "unauthorized business dealings," is not an offense under the California Code of Regulations, which lists prison offenses; (7) the rules violation report was in retaliation for his political outlook and complaints about prison conditions.

These claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the

1 State of California.  The clerk also shall serve a copy of this order on petitioner.

2       2.  Respondent shall file with the court and serve on petitioner, within sixty days of
3 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
4 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
5 granted.  Respondent shall file with the answer and serve on petitioner a copy of all
6 portions of the state trial record that have been transcribed previously and that are relevant
7 to a determination of the issues presented by the petition.

8      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
9 the court and serving it on respondent within thirty days of his receipt of the answer.

10       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
11 answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing
12 Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
13 and serve on respondent an opposition or statement of non-opposition within thirty days of
14 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
15 within fifteen days of receipt of any opposition.

16       4.  Petitioner is reminded that all communications with the court must be served on
17 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
18 must keep the court informed of any change of address and must comply with the court's
19 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
20 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
21 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

22 **IT IS SO ORDERED.**
23 Dated:  April 9, 2010.
24                                  PHYLLIS J. HAMILTON
                                 United States District Judge

28 P:\PRO-SE\PJH\HC.09\REYES5792.OSC.wpd

United States District Court
For the Northern District of California