UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. REYES,

    Petitioner,

vs.

ROBERT HOREL, Warden,

    Respondent.
    _____/

No. C 09-5792 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas corpus case filed pro se by a state prisoner challenging a finding by prison officials that he violated prison rules by engaging in unauthorized business dealings.

    The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer with supporting record and a memorandum of points and authorities. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

    On July 14, 2006, prison officials at Pelican Bay State Prison (PBSP) discovered flyers that had been sent to certain prisoners from an organization called Art Release. Resp't Answer (Answer) Ex. 3, Rules Violation Report (RVR) at 1. The flyers advertised a two-month art show called Art Behind Bars, to be held in Highland, California, starting on August 12, 2006. The show featured artwork by PBSP prisoners and was sponsored by Art Release and California State Assemblywoman Jackie Goldberg. *Id.* Petitioner was listed on the flyers as a participating artist. *Id.* at 3.

    The flyers were referred to the Institution Gang Investigation (IGI) unit for review.

Based on the IGI's awareness that Art Release, using the name Art Behind Bars, previously had sold artwork produced by prisoners and that Marguerite L. Ghiz-Gillies (Margie Ghiz), the person who sent the flyers to the prisoners, previously had been found by PBSP officials to be involved in the sale of prisoner artwork, prison officials believed that the purpose of the August 12, 2006 art show was to sell PBSP prisoners' artwork.  Answer Ex. 3, RVR at 1-2.  As a result, petitioner was charged with violating California Code of Regulations (CCR), Title 15, Section 3024(a), which provides:

> Inmates shall not engage actively in a business or profession except as authorized by the institution head or as provided in Section 3104.  For the purpose of this section, a business is defined as any revenue generating or profit making activity.

CCR § 3024(a).  The referenced Section 3104, Inmate Handicraft Sales, further provides that, "[h]andicraft items may be sold to the public only at the facility and as otherwise may be specifically authorized by the institution head" and may not otherwise "be sold or given to other persons for the purpose of resale."  CCR § 3104(a), (c).

At a disciplinary hearing held on August 11, 2006, petitioner was found guilty of the charged rules violation and forfeited thirty days of good-time credits.  Answer Ex. 3, RVR Hearing at 2.

Petitioner's challenge to the finding of guilt was denied at all levels of administrative review.  He also challenged the disciplinary decision unsuccessfully in habeas corpus petitions filed in the California courts.  The parties do not dispute that petitioner has exhausted his state court remedies with respect to the claims raised herein.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The state court's application must be "objectively unreasonable" to support granting the writ. *Id.* at 409. "As a condition for obtaining habeas corpus [relief] from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). Here, the Superior Court for Del Norte County provided the only reasoned opinion on petitioner's claims. Answer Ex. 6.

//

**DISCUSSION**

3

Petitioner claims the disciplinary decision violated his federal constitutional right to due process under the Fourteenth Amendment and to freedom from retaliation under the First Amendment.

## I.  Due Process Claims

Petitioner claims the disciplinary decision violated his right to due process because no evidence supported the guilty finding, he was not allowed access to certain evidence relied upon by the hearing officer to find him guilty, prison officials did not appoint an investigative employee to assist him or let him call a requested witness, and the violation should not have been charged as a serious rules violation.

### A.  Standard

A prisoner in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, limited presentation of witnesses and documentary evidence, and aid to the accused where he is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

The revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary decision-maker are supported by "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To determine whether there is some evidence from which the conclusion of the decision-maker could be deduced, an examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. *Id.*

### B.  Insufficient Evidence

4

Petitioner claims the disciplinary decision was not supported by some evidence.

### 1. Background

The hearing officer who presided over the disciplinary hearing determined that a finding of guilt for the offense of unauthorized business dealings "is appropriate where there is a reasonable expectation by the inmate(s) that entering into agreement with another person, whether formally or informally, will create revenue, regardless if those revenues benefit the inmate." Answer Ex. 3, RVR Hearing at 2.

Based on this definition of the offense, the hearing officer found petitioner guilty by a preponderance of evidence, as established by the following: (1) the flyers sent to PBSP prisoners from Margie Ghiz of Art Release, which were discovered by prison officials on July 14, 2006 and promoted the two-month art show called Art Behind Bars that featured petitioner as a contributing artist; (2) petitioner's testimony at the hearing that he had donated his artwork to Art Release and his awareness that Art Release is a business; (3) a confidential document, dated July 17, 2006, which the hearing officer did not divulge to petitioner because doing so "would endanger the safety of persons and jeopardize the security of the institution."[1]  Answer Ex. 3, RVR Hearing at 2.

After petitioner's administrative appeals of the matter were denied he filed a habeas petition in state superior court claiming the violation of his right to due process because the regulations prohibiting unauthorized business dealings did not expressly provide that a non-profit organization is a business, there was no evidence that he intended to benefit financially from the donation, he should have been allowed access to the confidential document to refute the charge, and the violation was incorrectly charged as a serious rules violation. The superior court rejected petitioner's contentions, ruling as follows:

> There appears to be no dispute that art works produced by the petitioner have been placed for sale without the consent of prison authorities. The sole question is whether the art works were donated by the inmate, and,

---

[1] Petitioner was provided with a confidential information disclosure form (CDC 1030), that described the confidential document as containing references to previous violations for the same type of activity by petitioner and other prisoners. Answer Ex. 2 & attached form CDC 1030.

5

> if so, whether that fact would either take the activity outside the scope of the regulation forbidding inmates from engaging in a business or profession, or, if not, whether such a regulation would be invalid.
>
> Because there are many ways proceeds of the sale of artworks could be funneled back to the inmate, despite his claim to have donated the artworks, it is not unreasonable that a regulation prohibiting an inmate from producing artworks for sale should bypass the question of whether the inmate is selling or donating the art to some other party for sale. Because institutional security requires that prison authorities be vigilant in thwarting attempts by inmates to circumvent regulations, the regulation, construed as preventing the production of artworks for sale, serves a rational penological purpose.

Answer Ex. 6.

### 2. Analysis

A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340. Here, the state court found there was no factual dispute that artworks produced by petitioner had been placed for sale without the prior consent of prison officials. This finding is supported by the record. Specifically, petitioner, who was represented by counsel in his state habeas proceedings in superior court, admitted in those proceedings (1) that Art Release previously had advertised his artwork for sale at an art show to be held at the Modern Times Bookstore in San Francisco in November 2005; (2) that Art Release's agent, Margie Ghiz, had indicated in a letter confiscated by prison officials that she had sold two unidentified works of prison art and was scheduling two further art shows to be co-sponsored by Bar None, a prison rights group, and (3) that petitioner knew prison officials had recommended that Ghiz be suspended from visiting or corresponding with PBSP prisoners. Answer Ex. 4 ¶¶ 4, 5, 10. In view of these admissions, the state court's factual determination that petitioner's artworks had been placed for sale without the prior consent of prison officials was not objectively unreasonable.

The court further determined that the regulation prohibiting a prisoner from producing artworks for sale applies to items that are donated and then placed for sale. Answer Ex. 6 at 1-2. A state court's interpretation of state law is binding on a federal court

6

sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Here, it is undisputed that petitioner donated his artworks to Art Release for the Art Behind Bars exhibit, and, as established by petitioner's admissions, that Art Release previously had advertised his work for sale and he was aware that Margie Ghiz was in the business of selling prisoner artworks. These facts constitute "some evidence" under *Hill* that petitioner violated the regulation. Moreover, because the facts are sufficient to meet the requisite evidentiary standard, there is no merit to petitioner's argument that he required access to the confidential document in order to gather more evidence to defend against the charge.

Finally, petitioner's claim that his right to due process was violated because prison officials wrongly classified a violation of the regulation as a serious rules violation is without merit. A petitioner cannot prevail in federal habeas corpus on a claim of alleged error in the interpretation or application of state law by prison officials. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).

Based on the above, this court finds that the state court's decision denying petitioner's claim was not based on an objectively unreasonable determination of the facts in light of the evidence presented in the state-court proceeding, nor was it based on an objectively unreasonable application of clearly established federal law. Accordingly, this claim for habeas corpus relief is denied.

### C.     Denial of Investigative Employee

Petitioner claims that his right to due process was violated because he is housed in the restrictive confines of the Secured Housing Unit (SHU) at PBSP and he was not assigned an investigative employee (IE) to assist him with gathering information in preparation for the disciplinary hearing.

#### 1.     Background

California prison regulations provide that an IE shall be assigned to assist an inmate charged with a serious rules violation when: (1) the complexity of the issues require further investigation; (2) the housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense; or (3) a

7

determination has been made that additional information is necessary for a fair hearing. CCR § 3315(d)(1)(A).

At the disciplinary hearing, the hearing officer addressed petitioner's contention that he should have been assigned an IE prior to the hearing and found as follows:

> An IE was not assigned as the issues are not complex, and the available information is sufficient. Per the CDC 115-A [notice of rules violation] and his statements in the hearing, Reyes requested IE assignment. I reviewed this request with Reyes in the hearing. Reyes states that he requires an IE for the following reason: time to consider the charges in the Rules Violation Report. The Senior Hearing Officer determined that witnesses would not provide any relevant information and his request for time to consider the charges was addressed by Due Process. Reyes does not meet the criteria given in CCR § 3315(d)(1). Request denied.

Answer Ex. 3, RVR Hearing at 2.

The superior court did not address this claim. Thus, this court must review the record to determine whether the decision to deny habeas relief to petitioner was an objectively unreasonable application of clearly established federal law. *See Plascencia v. Alameida,* 467 F.3d 1190, 1198 (9th Cir. 2006).

### 2. Analysis

In *Wolff*, the Supreme Court held that, in order for a disciplinary hearing to meet the requirements of due process "[w]here an illiterate inmate is involved, . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff*, 418 U.S. at 570.

Here, petitioner's argument that he should have been provided with assistance from an IE is not supported by the record. As an initial matter, there is no evidence in the record that he is illiterate. Additionally, there is no evidence in the record that the complexity of the issues made it unlikely that he would be able to collect and present evidence necessary to his case, either because of his SHU status or for any other reason. Specifically, as discussed above, the material facts were not in dispute: petitioner knew that Art Release

8

and Margie Ghiz had engaged in the sale of his and other prisoners' artworks, and he donated his artwork to Art Release for the Art Behind Bars exhibit without first obtaining authorization from prison officials. The only issue was whether such conduct amounted to a violation of the regulation prohibiting unauthorized business dealings. Petitioner has not pointed to any evidence that he would have been able to obtain with the assistance of an IE that was necessary to adequately comprehend his case.

Based on the above, this court finds that the state court's denial of petitioner's claim was not based on an objectively unreasonable application of clearly established federal law. Accordingly, this claim for habeas corpus relief is denied.

### D.  Denial of Witness

Petitioner claims that the disciplinary hearing officer violated his right to due process by not allowing him to call a witness.

#### 1.  Background

Petitioner requested that he be allowed to call as a witness at his disciplinary hearing California State Assemblywoman Jackie Goldberg, whose office was used as an exhibition space for the Art Behind Bars exhibit. The hearing officer denied his request as follows:

> I reviewed the request with Reyes in the hearing regarding the presence of Assemblywoman Goldberg as a witness at the hearing. Reyes states that she would provide information that she did not have direct contact with Reyes and that Reyes received no compensation for his artwork. The Senior Hearing Officer determined Assemblywoman Goldberg was not available and would provide no relevant information to the hearing. Request denied.

Answer Ex. 3, RVR Hearing at 1.

The superior court did not address this claim. Thus, this court must review the record to determine whether the decision to deny habeas relief to petitioner was an objectively unreasonable application of clearly established federal law. *Plascencia*, 467 F.3d at 1198.

#### 2.  Analysis

Under *Wolff*, a prisoner facing disciplinary proceedings has a limited right to call

9

witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. 566. However, prison officials retain the discretion to keep the hearing within reasonable limits and to refuse to call witnesses for reasons that include "irrelevance, lack of necessity, or the hazards presented in individual cases." *See id.*

Petitioner claims that Goldberg would have testified that she did not have direct contact with him and that he received no compensation for the artwork he donated to the exhibit. Such anticipated testimony, however, was irrelevant to the hearing officer's determination that petitioner had violated the regulation prohibiting unauthorized business dealings. Specifically, the testimony would have had no bearing on the undisputed evidence that petitioner, without authorization, donated his artwork to Art Release for the Art Behind Bars exhibit, with the knowledge that Art Release and Margie Ghiz had engaged in the sale of his and other prisoners' artworks.

Based on the above, this court finds that the state court's denial of petitioner's claim was not based on an objectively unreasonable application of clearly established federal law. Accordingly, this claim for habeas corpus relief is denied.

## II.     First Amendment Claim

Petitioner claims he was charged with engaging in unauthorized business dealings in retaliation for the expression of his First Amendment rights.

### A.     Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

//

### B.     Background

Petitioner states that during his incarceration he has expressed his First Amendment

rights to freedom of speech, expression and association by producing artworks and writings that speak out about the harsh conditions in the PBSP SHU and about California's Three Strikes Law. He claims that charging him with violating the regulation prohibiting unauthorized business dealings was retaliatory because it followed his exercise of his First Amendment rights.

Petitioner did not raise this claim in the habeas corpus petition he filed in the superior court. He did raise the claim in his petitions to the California Court of Appeal and the California Supreme Court; both courts denied the petitions summarily. Thus, this court must review the record to determine whether denial of this claim was an objectively unreasonable application of clearly established federal law. *Plascencia*, 467 F.3d at 1198.

**C.    Analysis**

Federal habeas corpus relief may be granted on a claim that was adjudicated in state court only if the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Here, petitioner cites no Supreme Court case, and this court is aware of none, that stands for the proposition that a determination of guilt rendered at a disciplinary hearing that complies with due process must be declared invalid if the disciplinary charges were filed against the prisoner in retaliation for the expression of his First Amendment rights.[2]

If there is no United States Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006). Accordingly, this claim for habeas corpus relief is denied.

**III.   Appealability**

---

[2]The Ninth Circuit holds that a prisoner cannot show that a disciplinary decision was retaliatory if there was "some evidence" to support the decision. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citing *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). As discussed in detail above, there was some evidence to support the hearing officer's decision that petitioner violated the regulation prohibiting unauthorized business dealings.

11

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability (COA) in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find debatable or wrong this court's assessment that the state courts' rejection of petitioner's claims was not objectively unreasonable. Accordingly, a COA will be denied. Petitioner may not appeal the denial of a COA, but may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is **DENIED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 24, 2013

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\REYES5792.HC.DENY.ECK

12